IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JUAN MANUEL VASQUEZ,

       Petitioner,

v.                                                                                          No. CIV 97-749 BB/WWD

TIM LEMASTER, Warden,

       Respondent.

### MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

    1.  THIS MATTER comes before this Court upon petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed June 2, 1997.  Mr. Vasquez is proceeding *pro se*.  On February 21, 1996, he pled guilty to charges of aggravated assault, aggravated battery, and shooting from a motor vehicle and is currently confined pursuant to the judgment, sentence and commitment of the Second Judicial District Court of the County of Bernalillo.

    2.  Petitioner states the following as grounds for his petition:

(1)   that his plea was involuntary because he did not understand the consequences of the plea or the nature of the charges; that it was unlawfully induced in that he was promised a sentence of eight years but received an actual sentence of 17 years; and he did not understand that he would be agreeing to a conviction for two crimes arising from one act;

(2)   that his conviction was obtained by a coerced confession;

(3)   Fourth Amendment violations in that evidence in his case was obtained pursuant to an unlawful arrest, and that the prosecution withheld the fact that they had no evidence in this case in order to coerce a confession from him; and

(4)   his counsel was ineffective in not getting a written plea agreement,[1] not obtaining discovery, failing to ensure that petitioner would be convicted of only one crime

---

[1] Although I do not pass on the merits here, I note that the government's Answer includes a copy of the written Plea and Disposition Agreement, file-stamped and dated February 21, 1996, which also contains defendant's signature.  <u>Ans., Ex. A</u>.

arising from one act and not filing a motion to reconsider.  He also alleges counsel was ineffective for not requesting concurrent sentences and suggests that there may have been a transcription error changing Judge Sanchez' intentions of concurrent sentencing to consecutive sentencing.[2]

3. The government contends that petitioner has not exhausted Grounds 1, 2 and 3 and requests the dismissal with prejudice of all of Mr. Vasquez' claims if the Court finds both the exhausted and unexhausted claims to be without merit, or in the alternative, dismissal without prejudice so that petitioner can exhaust his claims in state court.

4. Application for a writ of habeas corpus cannot be granted if petitioner has not exhausted state remedies available to raise the questions he presents.  Clonce v. Presley, 640 F.2d 271, 273 (10th Cir. 1981). A federal claim generally will not be deemed exhausted unless the "substance" of the claim has been "fairly presented" to the state courts.  Picard v. Connor, 404 U.S. 270, 275, 277-78 (1971).

5. Petitioner concedes that he has not exhausted Grounds 1, 2 and 3.  Pet. at 6.  Thus, the petition is a mixed petition and is subject to dismissal.  Rose v. Lundy, 455 U.S. 509 (1982).[3] The fact that petitioner now frames these unexhausted claims as allegations of ineffective assistance of counsel does not affect their procedural posture.  Ineffective assistance of counsel

---

[2] Without addressing the merits of petitioner's claims, I note that both the plea and disposition agreement and the Amended Judgment, Partially Suspended Sentence and Commitment clearly state that the sentences in Cr 93-1801, Cr 95-1863 and Cr 95-3326 (total sentence amounting to 13 and ½ years) are to run concurrently with the sentence in Cr 95-2681 (sentence of 15 years) plus a mandatory two year sentence for the Firearm Enhancement. Ans., Exs. A & B.

[3] The Court may deny a petition on the merits even if it includes unexhausted claims. Hoxsie v. Kerby, 108 F.3d 1239, 1242 (10th Cir. 1997).  See Antiterrorism and Effective Death Penalty Act of 1996, Pub.L.No. 104-132, tit.I, sec. 104 (to be codified at 28 U.S.C. § 2254) (codifying the holding in Granberry v. Greer, 481 U.S. 129, 134 (1987), which authorizes denial of a petition on the merits despite failure to exhaust state remedies).

claims not raised on direct appeal can still be raised in a state habeas petition for the first time, in order to "give a meaningful opportunity to assess and develop a claim of ineffective assistance of counsel, coupled with the fact that such claims may require an opportunity to develop additional facts." Brecheen v. Reynolds, 41 F.3d 1343, 1363 (10th Cir. 1994).

      6. Procedural default is not a danger here. Claims of ineffective assistance of counsel can be brought in state habeas proceedings without having to be directly appealed first because collateral review is the preferred method of review for claims of ineffective assistance of counsel. See Duncan v. Kerby, 851 P.2d 466, 469 (N.M. 1993); Kimmelman v. Morrison, 477 U.S. 365, 378 (1986) ("collateral review will frequently be the only means through which an accused can effectuate the right to counsel") cited in Andrews v. Deland, 943 F.2d 1162, 1192 (10th Cir. 1991).

      7. The exhaustion doctrine as codified in 28 U.S.C. §2254(c) is rooted in considerations of federal-state comity and seeks to allow states the opportunity to correct constitutional errors prior to federal intervention. Picardv.Connor,404 U.S. 270, 275-76 (1971). Petitioner has not afforded the New Mexico courts any opportunity to correct his alleged constitutional errors. Accordingly, his petition should be dismissed without prejudice.

### Recommendation

I recommend that petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be denied and that this entire cause be dismissed without prejudice.

Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the ten day

3

period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
UNITED STATES MAGISTRATE JUDGE